United States District Court
Southern District of Texas
**ENTERED**
June 07, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DANA CALDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3463 |
| | § | |
| ENTERPRISE PRODUCTS COMPANY, | § | |
| | § | |
| Defendant. | § | |

**Memorandum and Opinion**

## I.    Background

This case involves claims under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* and the Texas Commission on Human Rights Act, TEX. LABOR CODE § 21.001 *et seq.* Dana Caldwell sued her former employer, the Enterprise Products Company, alleging that she was fired because of her age, in violation of the federal and state age-discrimination statutes. (Docket Entry No. 10).

Caldwell's complaint includes little factual information. She alleges that Enterprise Products employed her and that she was over the age of 40. (*Id.* at 1-2). Her position at Enterprise Products and period of employment are not clear. Nor is it clear when the events giving rise to her claim took place. (*Id.*). She alleges that Enterprise Products twice approached her about accepting either a retirement or severance package to try to force her to resign because of her age. (*Id.* at 3). She alleges that she refused to accept the first package. At some unspecified later date, Enterprise Products terminated her employment and again offered her a retirement or severance package. (*Id.*). It is not clear if she accepted this second package. (*Id.*). Caldwell alleges that the second package

was worth less than the first package Enterprise Products had offered.  (*Id.*).

Caldwell also alleges that when she was terminated, Enterprise Products did not replace her with a new employee.  (*Id.*).  Instead, the company assigned her duties to an existing employee who was younger than Caldwell.  (*Id.*).

Caldwell first sued in Harris County District Court, asserting what appears to be a claim for breach of an employment contract.  (Docket Entry No. 1, Ex. A).  She filed an amended petition in that court, adding claims under the federal Age Discrimination in Employment Act and the "comparable provisions of the Texas Labor Code."[1]  Enterprise Products timely removed based on federal-question jurisdiction.  (Docket Entry No. 1).  Caldwell amended in July of 2015.  (Docket Entry No. 10).  The amended complaint asserts only the federal and state age-discrimination claims. (*Id.*).

Enterprise Products has moved to dismiss the amended complaint because Caldwell does not allege that someone outside the protected group or significantly younger than her replaced her and has not alleged sufficient facts to meet the pleading requirements for her age-discrimination claim. (*Id.*).  Caldwell responded, and Enterprise Products replied.  (Docket Entries No. 12, 13).

## II.    The Legal Standard for a Motion to Dismiss

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A complaint must contain "enough facts

---

[1] Caldwell does not specify the Texas Labor Code subsection that provides the basis for her claim in either her state court petition or federal complaint.  The court assumes that Caldwell is referring to the Texas Commission on Human Rights Act, TEX. LABOR CODE § 21.001 *et seq*.

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with

prejudice, unless it is clear that to do so would be futile.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## III.   Analysis

The prima facie elements of a federal Age Discrimination in Employment Act claim are that the plaintiff:  1) is within the protected class;  2) is qualified for the position; 3) suffered an adverse employment decision; and 4) was replaced by someone younger or treated less favorably than similarly situated younger employees.[2]  *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013) (citing *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003)).

---

[2]

The same legal standards apply to age-discrimination and retaliation claims under the Texas statute and the federal Age Discrimination in Employment Act.  *See Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991), overruled on other grounds by *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010); *Texas Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 461 (Tex. App.—Austin 2004, no pet.); *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013); *see also Evans v. City of Houston*, 246 F.3d 344, 356 (5th Cir. 2001) (applying Title VII retaliation standard to retaliation claim under the Texas act). The Texas statute is construed to be congruent with federal antidiscrimination laws.  *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633-34 (Tex. 2012) ("[O]ne of the purposes of the TCHRA is to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 . . . ." (quotations omitted)); *Reed v. Neopost USA*, Inc., 701 F.3d 434, 439 (5th Cir. 2012) (same). An exception, not applicable here, is that the federal age-discrimination statute applies a "but for" causation standard, while the Texas statute applies a "motivating factor" standard.  *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 219 (5th Cir. 2011).

4

The focus of the motion to dismiss is on the fourth element.  An employee who alleges discharge because of age can establish the fourth element by showing either:  1) replacement by someone outside the protected class or significantly younger than the employee, or 2) discharge because of age.  *Rachid v. Jack In the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003); *see also Keller v. Coastal Bend Coll.*, 629 F. App'x 596, 600 (5th Cir. 2015) (citing *Rachid*).  An employee who relies on the second ground must show that the "employer intended to discriminate in reaching the decision at issue." *Palasota*, 342 F.3d at 576.

Caldwell concedes in her amended complaint and in her response to the motion to dismiss that she was not replaced.  Her duties were reassigned to a younger employee.  (Docket Entry No. 10 at 3).  Reassignment of duties to an existing employee is not replacement by a younger person. *Griffin v. Kennard Indep. Sch. Dist.*, 567 F. App'x 293, 294 (5th Cir. 2014) (unpublished); *Rexses v. Goodyear Tire & Rubber Co.*, 401 F. App'x. 866, 868 (5th Cir. 2010) (unpublished); *Dulin v. Dover Elevator Co.*, 139 F.3d 898 (5th Cir. 1998) (unpublished); *Pierson v. Quad/Graphics Printing Corp.*, 749 F.3d 530, 537 (6th Cir. 2014); *Smith v. F.W. Morse & Co.*, 76 F.3d 413, 423 (1st Cir. 1996).  Because Caldwell cannot show replacement, she must plead that Enterprise intended to discriminate against her because of her age.  *Palasota*, 342 F.3d at 576.

Caldwell's only factual allegation in support of her intentional-discrimination claim is that the "[d]efendant . . . uttered or published statements to plaintiff that her advanced age was such that she should consider accepting a retirement package or separation package to the end of encouraging plaintiff to cease her employment on account of her age."  (Docket Entry No. 10 at 3).  The Fifth Circuit has held that a manager's suggestion to an employee within the protected class to consider

5

a retirement or severance package is not evidence of age discrimination, even if the manager refers to an employee's age in making that suggestion.  *See Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993);  *E.E.O.C. v. Texas Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996); *Kilgore v. Brookeland Indep. Sch. Dist.*, 538 F. App'x 473, 476 (5th Cir. 2013); *see also Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010) (facially neutral age-related comments are not, by themselves, probative of discriminatory intent (citing *Texas Instruments*, 100 F.3d at 1181)).

In *Bodenheimer*, an 55-year old employee was fired as part of a reduction in his employer's workforce and replaced by a younger employee.  The employer moved for summary judgment and offered the superior management skills of the employee's replacement and the need to reduce the size of its workforce as nondiscriminatory justifications.  The supervisor conducting the job termination offered the employee a retirement package, saying, "I hope when I get to your age, somebody does the same thing for me."  *Bodenheimer*, 5 F.3d at 958.  In determining if there was a factual dispute material to determining whether the employer's justifications were pretextual, the court held that this comment "sheds absolutely no light on the central issue before us: whether [the employee's] age was a factor in [the supervisor's] decision to terminate him."  Instead, the comment was a "casual, facially-neutral remark."  *Id.*

In *Texas Instruments Inc.*, an employee over 40 was terminated as part of a reduction in his employer's workforce and replaced by a younger person.  The employer offered the employee's poor work performance and the need to reduce the size of the workforce as nondiscriminatory reasons for selecting the employee as among those included in the reduction.  As in *Bodenheimer*, the employee argued pretext by pointing to comments in his termination meeting.  In that meeting, the supervisor stated, "it's just that you've reached that age and years of service that we can bridge you to

6

retirement." *Texas Instruments Inc.*, 100 F.3d at 1178.  The Fifth Circuit held that this statement "does not demonstrate age bias" because it "simply recognized a fact concerning [the employee's] seniority, an observation which did not imply seniority was the reason for discharge." *Id.* at 1181.

In *Kilgore*, an employee over 40 was terminated as part of a reduction in the employer's workforce caused by anticipated budget cuts.  Although the budget cuts did not occur, the employer replaced the employee with a significantly younger person. *Kilgore*, 538 F. App'x at 474-75.  The employer offered not only the anticipated budget cuts as a nondiscriminatory reason for the termination and the employee's own disciplinary history as the nondiscriminatory reason for replacement with a younger employee.  As in *Bodenheimer* and *Texas Instruments*, the employee sought to prove that these reasons were a pretext for age discrimination by pointing to the comments in his termination meeting.  *Id.* at 476.  During the termination meeting, the employer told the employee that because of his age, he was "eligible for retirement." *Id.*  at 474-475.  The Fifth Circuit held that the statement was not, by itself, probative of intentional discrimination because the employer's "'statement simply recognized a fact concerning' [the employee's]  eligibility, 'an observation which did not imply' that his eligibility 'was the reason for discharge.'" *Id.* (quoting *Texas Instruments*, 100 F.3d at 1181).

Caldwell does not allege what was said to her when the retirement package was offered.  Instead, she conclusorily alleges that the "[d]efendant . . . uttered or published statements to plaintiff that her advanced age was such that she should consider accepting a retirement package or separation package. " (Docket Entry No. 10 at 3).  Even assuming that this is sufficiently specific, the cases make clear that, standing alone, a comment that a retirement or severance package may be advantageous to an employee because of age does not allege facts relevant to, or that are more

7

likely to make plausible, her claim that the employee's termination was discriminatory.  *See Bodenheimer*, 5 F.3d at 958; *Texas Instruments*, 100 F.3d at 1181; *Kilgore*, 538 F. App'x at 476.

Caldwell argues that these cases are distinguishable because they arise in the summary judgment context, not in a motion to dismiss.  These Fifth Circuit cases, however, make clear that statements making a similar connection between an employee's age and a retirement package, standing alone, are insufficient to allege discrimination.  *See Bodenheimer*, 5 F.3d at 958 ("The comment sheds absolutely no light on . . . whether [the employee's] age was a factor in [the] decision to terminate him"); *Texas Instruments*, 100 F.3d at 1181 (comment was "not probative of whether [the employer's] decision to terminate [the employee] was motivated by age discrimination"); *Kilgore*, 538 F. App'x at 477 ("[Employer's] comment concerning [employee's] retirement eligibility, . . . by itself, is an insufficient basis for a reasonable jury to conclude that Kilgore's age more likely motivated [the employer's] decision to discharge him than [the] proffered reasons.").  Because the conclusory alleged comment in the amended complaint is at least insufficient to allege discrimination, the allegation does nothing to raise Caldwell's right to relief beyond speculative.

Caldwell's complaint is dismissed because she has not sufficiently alleged that Enterprise Products discriminated against her on the basis of her age.  The dismissal is without prejudice. Caldwell may amend no later than June 24, 2016, within the limits of Rule 11 of Federal Rules of Civil Procedure.

**IV.    Conclusion**

Enterprise Products's motion to dismiss, (Docket Entry No. 11), is granted.  The dismissal

is without prejudice and with leave to amend, by June 24, 2016.

SIGNED on June 7, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge