United States District Court
Southern District of Texas
**ENTERED**
September 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANA CALDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3463 |
| | § | |
| ENTERPRISE PRODUCTS COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Dana Caldwell sued her former employer, the Enterprise Products Company, alleging that she was fired because of her age, in violation of the federal and state age-discrimination statutes. (Docket Entry No. 10). She asserts claims under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* and the Texas Commission on Human Rights Act, TEX. LABOR CODE § 21.001 *et seq.* The court dismissed Ms. Caldwell's complaint on June 7, 2016, because she had not sufficiently alleged facts showing that Enterprise Products discriminated against her on the basis of her age. (Docket Entry No. 14). The court granted leave to amend, and Ms. Caldwell filed her third amended complaint on June 13, 2006. (Docket Entry No. 15). Enterprise Products has moved to dismiss the amended complaint, Ms. Caldwell responded, and Enterprise Products replied. (Docket Entry Nos. 19, 20, 22). Based on the pleadings; the motion, response, and reply; the record; and the relevant law, the motion to dismiss is granted in part and denied in part. The reasons are explained below.

**I.    Background**

The court noted that Ms. Caldwell's original "complaint includes little factual information,"

1

such as basic information about when Ms. Caldwell had been employed at Enterprise Products and when the alleged discriminatory acts took place. (Docket Entry No. 14 at 1). The amended complaint provides more detail.

Ms. Caldwell was born in 1950 and began full-time employment with Enterprise Products in March 2000, when she was 49. (Docket Entry No. 15 ¶¶ 2, 6(a)–(b)). Until she was fired in 2015, Ms. Caldwell worked as a coordinator in the Enterprise Products pipelines and distributions groups. She received occasional promotions and bonus pay for her performance. (*Id*. ¶ 6(a)). Ms. Caldwell alleges that in 2013, her supervisors intentionally excluded her from a conference to which similarly situated younger employees were invited. (*Id*. ¶ 6(d)(iv)). Sometime before the end[1] of April 2014, Ms. Caldwell allegedly complained to Bob Holden, a manager, that she had been passed over for promotion and that the company had given the position to a an employee of similar skill and position who was 16 years younger. (*Id*. ¶ 6(d)(i)). Mr. Holden allegedly responded that the company "want[s] to keep the younger ones" and told Ms. Caldwell that she "had been doing her job too long." (*Id*. ¶¶ 6(d)(i)–(ii)). When Ms. Caldwell reported Mr. Holden's statements to Enterprise Product's human-resources representative, the representative allegedly dismissed her concerns, stating only that "some persons should not be supervisors." (*Id*. ¶ 6(d)(iii)).

Ms. Caldwell's job was terminated on January 12, 2015. (*Id.* ¶ 6(b)). She alleges that she was not replaced by a single individual but rather that her duties were distributed among 3 other employees who were 16 to 25 years younger. (*Id*. ¶ 6(c)). On August 25, 2015, Ms. Caldwell filed

---

[1] Per the discussion in Part II, *infra*, the court considers an affidavit and deposition provided by Enterprise Products in order to "satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs*., 104 F.3d 1256, 1261 (11th Cir. 1997) (internal citations and quotations omitted); (Affidavit of G. Mark Jodon, Docket Entry No. 19, Ex. 1; Deposition of Ezmerelda Galvan, Docket Entry No. 19, Ex. 1B–C).

a discrimination charge against Enterprise Products with the Equal Employment Opportunity Commission.[2] Ms. Caldwell alleges she timely filed a charge of discrimination with the Texas Workforce Commission, but she does not state the filing date or produce the filing itself. (*Id*. ¶ 4).

Enterprise Products has moved to dismiss the amended complaint under Federal Rule 12(b)(1) and 12(b)(6). It argues that Ms. Caldwell failed to exhaust her administrative remedies because she filed her charge with the EEOC after the 300-day limitations period and with the Texas Workforce Commission after the 180-day limitations period. (Docket Entry No. 19). Although Ms. Caldwell's termination falls within the 300-day period, Enterprise Products argues that any causes of action accruing before the termination are time barred. (*Id.*). Enterprise Products also argues that the complaint allegations do not show that age discrimination was a plausible ground for the termination. (*Id.*). Each argument is considered below.

## II. The Legal Standard for Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks omitted). As a condition to filing suit in federal court, Title VII requires a federal employee claiming discrimination to exhaust her administrative remedies. 42 U.S.C. § 2000e *et seq*.; *Randel v. U.S. Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). If the plaintiff fails to exhaust her administrative remedies, the district court lacks jurisdiction to decide the lawsuit. *Julian v. City of Houston*, 314

---

[2] The court considers Ms. Caldwell's EEOC charge and the affidavit confirming its receipt. (Docket Entry No. 20, Ex. 1).

F.3d 721, 725–726 (5th Cir. 2002); *Smith v. Potter*, 400 F.App'x 806, 811 (5th Cir. 2010) ("Exhaustion of administrative remedies is a prerequisite to federal subject matter jurisdiction.") (citing *Tolbert v. U.S.*, 916 F.2d 245, 247 (5th Cir. 1990)). "For cases arising in Texas, a complainant must file within 300 days of the last act of discrimination." *Julian*, 314 F.3d at 726 (citing 29 U.S.C. § 626(d)(2); *Anson v. Univ. of Tex. Health Sci. Ctr.*, 962 F.2d 539, 540 (5th Cir. 1992)).

Courts may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). A court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp.2d 860, 882 (S.D. Tex. 2001) (internal quotation marks omitted). Consideration of documents attached to a defendant's motion to dismiss is limited to "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). The court may consider such extrinsic materials without converting the motion into one seeking summary judgment. *See Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366).

A plaintiff should be denied leave to amend a complaint if the court determines that "the

proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F.App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### III. Analysis

#### A. Limitations

Enterprise Products argues that this court does not have jurisdiction to hear Ms. Caldwell's claim because her manager's statements and other allegedly discriminatory acts occurred before the 300-day limitations period for filing EEOC charges. (Docket Entry No. 19 at 5–6); *see* 42 U.S.C. § 2000e-5(e). Since Ms. Caldwell did not file her charge in time, Enterprise Products asserts, she did not and cannot exhaust her administrative remedies, and the court cannot take jurisdiction over her claims. (*Id.*). Although it is undisputed that Ms. Caldwell's date of termination fell within the limitations period, Enterprise Products cites *Delaware State College v. Ricks*, 449 U.S. 250, 259, 101 S.Ct. 498 (1980), to argue that "the proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts become most painful." *Id.* (emphasis original) (citations omitted).

Enterprise Products's argument appears to misidentify what are "acts" and what are "consequences." "[A] one-time employment event, including the failure to hire, promote, or train and dismissals or demotions, is 'the sort of discrete and salient even that should put the employee on notice that a cause of action has accrued.'" *Celestine v. Petroleos de Venezuella SA*, 266 F.3d

343, 352 (5th Cir. 2001) (quoting *Huckabay v. Moore*, 142 F.3d 233, 240 (5th Cir. 1998). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061 (2002). Ms. Caldwell identified at least two discrete, actionable events: Enterprise Products's failure to promote her in April 2014, after which her manager, Mr. Holden, made the allegedly discriminatory remarks; and her termination in January 2015. The failure-to-promote occurred more than 300 days before Ms. Caldwell filed her EEOC charge in August 2015, and it cannot support a cause of action for damages. The failure-to-promote claim is barred by Ms. Caldwell's failure to timely file her EEOC charge and exhaust her administrative remedies within 300 days. *See Morgan*, 536 U.S. at 115, 122 S.Ct. 2061 ("[O]nly those acts that occurred 300 days before [Plaintiff] filed his charge, are actionable. . . . All prior discrete discriminatory acts are untimely filed and no longer actionable."); *Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002); *Dao v. Auchan Hypermarket*, 96 F.3d 787 (5th Cir. 1996).

Ms. Caldwell attempts to preserve a cause of action for the failure to promote by alleging that Enterprise Product's discrimination was a "continuing action." Claims based on continuing actions, such as a hostile-work-environment claim, are "timely where at least one act occurred during the limitations period." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279–80 (5th Cir. 2004). "Outside the context of a hostile work environment claim, a past discrete discriminatory act that is outside the limitations period cannot be sued upon, even if the prior act has consequences that reach into the limitations period." *Leach v. Baylor College of Med.*, 2009 WL 385450 at *17 (S.D. Tex. Feb. 17, 2009) (citing *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 127 S.Ct. 2162

(2007)).

"A continuing violation 'involves repeated conduct,' and 'cannot be said to occur on any particular day.' It instead 'occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.'" *Jurach v. Safety Vision, LLC*, 72 F.Supp.3d 698, 706–07 (S.D. Tex. 2014) (quoting *Morgan*, 536 U.S. at 115, 101 S.Ct. 2061). Ms. Caldwell has alleged only discrete acts on specific dates. Each is actionable on its own if timely pursued. She has not stated a claim for a continuing violation. Discrete acts accruing before the EEOC's 300-day limitations period are barred by Ms. Caldwell's failure to exhaust her administrative remedies. *See Taylor*, 296 F.3d 376; *Dao*, 96 F.3d 787.

The allegedly wrongful termination, however, is a second and subsequent discrete event. It is well within the EEOC's 300-day period. Mr. Holden's remarks in April 2014 cannot support a discrete cause of action, but the court is not foreclosed from considering the remarks in analyzing the timely filed claim that Ms. Caldwell was terminated because of her age.

In cases in which notice of termination has preceded the actual termination by a number of months, courts have held that the period to seek an administrative remedy begins to run at the time of notice. *Lowery v. Allstate Tex. Lloyds, Inc.*, 287 F.App'x 363 (5th Cir. 2008) (notice that position was being eliminated in March followed by actual termination in September); *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492–93 (Tex. 1996) (notice in the first month of leave that employee would be terminated if leave lasted more than a year). This is not one of those cases. A failure to promote is not the same act as termination. Nor is termination merely a "consequence" of an earlier discriminatory failure to promote. *See Morgan*, 536 U.S. at 114, 122 S.Ct. 2061 (identifying "termination" and "failure to promote" as two discrete and "separate actionable

unlawful employment practice[s]"). Ms. Caldwell has alleged a discrete discriminatory act—her termination—within the EEOC's deadline for seeking an administrative remedy. The record does not indicate that she had notice of her termination that would make her federal filing untimely.

Ms. Caldwell has a federal, but not a Texas state-law claim, for the termination. The Texas Labor Code requires a plaintiff to file charges with the Texas Workforce Commission no later than 180 days after the alleged unlawful employment practice. TEX. LAB. CODE ANN. § 21.202. The statutory deadline is "mandatory and jurisdictional." *DeMoranville*, 933 S.W.2d at 492. Filing an EEOC charge after the 180-day limitations period does not extend the state period and amounts to a failure to exhaust state administrative remedies. *Ashcroft v. HEPC-Anatole, Inc.*, 244 S.W.3d 649, 650 (Tex. App. Dallas 2008).

The plaintiff has the burden to demonstrate that subject-matter jurisdiction exists. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Ms. Caldwell alleges only that "Plaintiff has exhausted her administrative remedies by timely filing charges of discrimination with the Equal Employment Opportunity and by reference, the Texas Workforce Commission." (Docket Entry No. 9 ¶ 4). She does not allege that she filed her charge with the Texas Workforce Commission except "by reference" to filing with the EEOC. The record shows that Ms. Caldwell filed her EEOC charge on August 25, 2015, over 220 days after her allegedly wrongful termination. That filing date is beyond the 180-day state limitations period. Ms. Caldwell's separate state-law claims are barred for failure to exhaust administrative remedies. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804–05 (Tex. 2010). The dismissal of Ms. Caldwell's state-law claims does not affect her Title VII claim, which she did timely present to the EEOC. *Mennor v. Fort Hood Nat. Bank*, 829 F.2d 553, 556 (5th Cir. 1987) ("The 300-day filing period of 42 U.S.C. § 2000e–5(e) for cases in which state

9

or local agency proceedings have been instituted applies whether or not these other proceedings are timely instituted under state or local law.").

### B. Plausibility

The prima facie elements of a federal age-discrimination claim are that the plaintiff: (1) is within the protected class; (2) is qualified for the position; (3) suffered an adverse employment decision; and (4) was replaced by someone younger or was treated less favorably than similarly situated younger employees.[3]  *Leal v. McHugh*, 731 F.3d 405, 410–11 (5th Cir. 2013) (citing *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003)).  An employee can establish the fourth element by showing either: (1) replacement by someone outside the protected class or significantly younger than the employee, or (2) discharge because of age.  *Rachid v. Jack In the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003); *see also Keller v. Coastal Bend Coll.*, 629 F.App'x 596, 600 (5th Cir. 2015).  An employee who relies on the second ground must show that the "employer intended to discriminate in reaching the decision at issue." *Palasota*, 342 F.3d at 576; *Keller*, 629 F.App'x at 600.

As was true of her earlier complaint, Ms. Caldwell cannot show replacement and must plead that Enterprise Products intended to discriminate against her because of her age.  (*See* Docket Entry No. 14 at 5).  "[A]dmittedly bare allegations [can] sufficiently state a plausible claim for age discrimination to survive a motion to dismiss."  *Leal*, 731 F.3d at 413 (citing *Hawkins v. Frank Gillman Pontiac*, 102 F.App'x 394 (5th Cir. 2004).  In *Hawkins*, the court found that a supervisor's statement that the company wanted "new blood," "you know, younger people" was direct evidence

---

[3] As the court explained in its previous Memorandum and Opinion, "The same legal standards apply to age-discrimination and retaliation claims under the Texas statute and the federal Age Discrimination in Employment Act." (Docket Entry No. 14 at 4 n.2).

of intentional discrimination in a mandatory transfer. *Hawkins*, 102 F.App'x at 397. Accepting Ms. Caldwell's well-pleaded facts as true and taking them in the light most favorable to her, her allegations of her manager's statements that she "had been doing her job too long" and that the company "want[s] to keep the younger ones" support a plausible inference that Ms. Caldwell's job was terminated because of her age and preclude dismissal under Rule 12(b)(6).

## IV.     Conclusion

Ms. Caldwell cannot pursue a federal or state claim for acts occurring before the 300-day limitations period, or a state-law claim for her termination. She may pursue her federal claim for wrongful termination based on age.

Enterprise Products's motion to dismiss, (Docket Entry No. 19), is granted as to causes of action based on its allegedly wrongful failure to promote Ms. Caldwell in April 2014. This dismissal is with prejudice, as amendment would be futile. Ms. Caldwell's claim arising from a failure to promote is barred by her failure to exhaust administrative remedies within the limitations period. The motion to dismiss is granted as to the state-law claims for failure to timely exhaust administrative remedies. This dismissal is without prejudice and with leave to amend if Ms. Caldwell can plead facts showing that she timely filed a discrimination charge with the Texas Workforce Commission. The motion to dismiss for failure to state a federal claim as to Ms. Caldwell's allegations of wrongful termination in January 2016 is denied.

SIGNED on September 26, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge