Case 4:15-cv-03463 Document 35 Filed in TXSD on 03/17/17 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANA CALDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-3463 |
| | § | |
| ENTERPRISE PRODUCTS COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Dana Caldwell sued her former employer, Enterprise Products Company, alleging that she was fired because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Ms. Caldwell worked for Enterprise Products, an energy services provider, for 15 years. Her job was terminated along with those of 127 other employees and 425 contractors after a downturn in the oil and gas industry. Ms. Caldwell alleged that her firing was because of her age. (Docket Entry No. 15). Enterprise Products has moved for summary judgment, arguing that Ms. Caldwell's work required frequent correction and that she was fired in the course of a company-wide reduction in force. (Docket Entry No. 29). Ms. Caldwell has responded. (Docket Entry No. 30). She argues that Enterprise Products's reduction in force was pretextual, and she testified as to a discriminatory remark by one of her managers made nine months before her firing.

Based on a review of the motion, the response, the summary judgment record, and the applicable law, this court grants Enterprise Products's motion for summary judgment. No reasonable factfinder could infer age discrimination as a basis for the decision to fire Ms. Caldwell. Final judgment is entered by separate order.

1

The reasons for this ruling are explained below.

**I.  Background.**

Ms. Caldwell was born in 1950 and began full-time employment with Enterprise Products in March 2000, when she was 49. (Docket Entry No. 30, Ex. 3 at 1). Ms. Caldwell was a coordinator in the pipeline and rail division until 2007, when she transferred to the Liquids Volume Control Group to become a specialist responsible for tracking the company's assets in Southeast Louisiana. (Docket Entry No. 29, Ex. 7-1). From January 2012 through January 2015, Ms. Caldwell was supervised by Monty Stone, who reported to Robert Holden. (*Id*., Ex. 6 ¶ 3). Mr. Holden managed around ten employees in addition to Ms. Caldwell. (*Id*., Ex. 5 ¶ 3). Mr. Holden reported to James Shaddix, Director of Liquids Volume Control, who reported in turn to Paul Schikal, Senior Director of Liquids Marketing Accounting. (*Id*.).

Ms. Caldwell's duties involved accurately accounting for asset movement within the Southeast Louisiana division along pipelines and truck and rail routes so that customers were properly invoiced for Enterprise Products's services. (*Id*., Ex. 1 at 26–27). Ms. Caldwell's main responsibility was to generate a monthly gain and loss report of pipeline-product movement. (*Id*. at 33–35). In her deposition, Ms. Caldwell testified that her monthly report was financially important to Enterprise Products. (*Id*. at 34).

The record shows that in early 2013, Ms. Caldwell made significant accounting errors in her reports that required management oversight to correct. In January 2013, Mr. Holden and Sheri Pardee, Accounting Director over the Liquid Asset Accounting Group, discovered that Ms. Caldwell had improperly booked product gains made in 2011 in financial year 2012 and at the wrong price levels. (*Id*. Ex. 5 ¶ 4; Exs. 8-2, 8-3). In March 2013, Ms. Pardee wrote to Mr. Holden that she "had

to correct Dana on a lot of items this month, and we still didn't get it right." (*Id*., Ex. 8-1). When Ms. Caldwell's April 2013 monthly report improperly booked product volumes backwards, Senior Director Schikal became involved with overseeing the correction, commenting in an e-mail that the fundamental mistake was "[p]retty embarrassing for a senior staff member" to commit. (*Id*., Ex. 6-3). Ms. Caldwell testified in her deposition that she had made significant booking errors, that other accountants had to catch those errors, and that several layers of senior management had discussed her booking errors with her. (*Id*., Ex. 1 at 25–26, 35–36).

Ms. Caldwell met with Mr. Holden in March 2014 for an annual salary review. Ms. Caldwell testified that at this review, she expressed concern that she had not been promoted to a senior specialist position while another employee in her group, Jackie Leveston, had. (*Id*. at 52–53). Ms. Caldwell alleges that Mr. Holden told her "they didn't want to lose the younger ones." (*Id*. at 46). She alleges that Mr. Holden also suggested that she "had been doing her job too long" and "needed to do something different." (*Id*. at 47). On cross-examination, Ms. Caldwell testified that Mr. Holden's suggestions that she "had been doing her job too long" and "needed to do something different" were directing her to take on additional responsibilities at the company in order to earn the promotion she wanted. (*Id*. at 47–48). Mr. Holden testified that it was Ms. Caldwell who remarked that "Enterprise did not want to promote old people." His response was to express his disagreement. (*Id*., Ex. 2 at 15–16).

Ms. Caldwell testified that Mr. Holden's March 2014 remark was the only age-related comment she could recall Enterprise Products personnel making. (*Id*., Ex. 1 at 54, 56). She testified that sometime in 2012 or 2013, the company hosted a crawfish boil for a client. Ms. Caldwell was

3

not invited. (*Id*. at 55). Ms. Caldwell's observation was that only younger employees were invited, but she did not ask her supervisors why she was not invited, did not talk to human resources, and did not allege then or in subsequent meetings that age animus played a role in who attended the client event. (*Id*. at 57, 64).

Mr. Holden held a second meeting with Ms. Caldwell in May 2014. (*Id*., Ex. 2 at 18–19). Mr. Holden testified that at this meeting, he explained to Ms. Caldwell Enterprise Products's policy of promoting based on performance rather than time served at the company. (*Id.*). Ms. Caldwell testified that, in response, she began to voluntarily take on additional responsibilities reconciling product accounts that were not part of her original job duties. (*Id*., Ex. 1 at 48).

From January to March 2015, in response to the downturn in the oil and gas markets, Enterprise Products terminated the jobs of 127 employees and 425 contract workers in a company-wide reduction in force. (*Id*., Ex. 6-1). Senior Director Schikal decided in January to add Ms. Caldwell's position and name to the reduction-in-force list. (*Id*., Ex. 6 ¶ 7). Mr. Schikal stated in a declaration that he made his decision based on both objective and subjective factors, including his personal experience with Ms. Caldwell's accounting errors. (*Id*. ¶¶ 7–10). Mr. Holden testified, and Ms. Caldwell does not dispute, that Mr. Holden had no role in placing Ms. Caldwell's name or position on the reduction-in-force list. (*Id*., Ex. 5 ¶ 12). Ms. Caldwell was discharged on January 12, 2015, and told about it at a meeting with Mr. Schikal and a human-resources representative. (*Id*., Ex. 1 at 39–40). Ms. Caldwell testified that during this meeting, she was told that the layoffs were company-wide, and that she was being discharged as part of the reduction-in-force due to falling crude oil prices. (*Id*. at 40–43).

Ms. Caldwell was not replaced. Instead, her duties were divided between three other

employees, two of whom were over the age of fifty.  (*Id*., Ex. 2 at 25–26).

Ms. Caldwell sued in state court.  Enterprise Products removed the suit to this court in November 2015.  (Docket Entry No. 1).  Ms. Caldwell's third amended complaint, filed on June 13, 2016, alleged a discriminatory failure to promote and discriminatory termination under federal and state law.  (Docket Entry No. 15).  The court granted Enterprise Products's motion to dismiss the failure-to-promote claim as barred by limitations.  (Docket Entry No. 26 at 8).  The court dismissed the state-law claims unless Ms. Caldwell could produce evidence that she timely filed a complaint with the Texas Workforce Commission.  (*Id*. at 8–9).  Ms. Caldwell has not done so.  Enterprise Products has moved for summary judgment on the remaining federal claim for discriminatory termination.  (Docket Entry No. 29).  Ms. Caldwell responded, and Enterprise Products replied. (Docket Entry Nos. 30, 31).

**II.     The Legal Standards**

**A.     Summary Judgment**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it

does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary-judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### B.     Discrimination under Title VII

The Age Discrimination in Employment Act makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff has the burden of proving by the preponderance of the evidence, either direct or circumstantial, that age was the "but-for" cause of an adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009). Direct evidence "is evidence which, if believed,

proves the fact of intentional [discrimination] without inference or presumption." *Manaway v. Med. Ctr. of Se. Tex.*, 430 F. App'x 317, 324 (5th Cir. 2011) (quoting *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 195 (5th Cir. 2001)).

If no direct evidence exists, the court uses the familiar burden-shifting framework under *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973). *See Fierros v. Tex. Dept. of Health*, 274 F.3d 187, 192 (5th Cir. 2001). Under *McDonnell Douglas,* a plaintiff alleging discrimination must first make a prima facie showing that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) others similarly situated were treated more favorably. *See McDonnell Douglas*, 411 U.S. at 802; *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011). If the plaintiff makes the prima facie showing, the burden shifts to the employer to articulate some legitimate nondiscriminatory reason for the challenged action. *McDonnell Douglas,* 411 U.S. at 802; *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). If the defendant meets this burden of production, the plaintiff must then

> offer sufficient evidence to create a genuine issue of material fact either (1) that [the employer's] reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that [the employer's] reason, while true, is only one of the reasons for its conduct, and another motivating favor is [the plaintiff's] protected characteristic (mixed-motives alternative).

*Vaughn*, 665 F.3d at 636 (internal quotation marks and alterations omitted). "[T]he trier of fact may . . . consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom on the issue of whether the defendant's explanation is pretextual[.]" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (internal quotation marks and alteration omitted). "To establish pretext, [the plaintiff] must show that [the employer]'s proffered explanation is false

or unworthy of credence." *Vaughn*, 665 F.3d at 637 (internal quotation marks omitted). If the plaintiff can produce evidence that, when viewed in the light most favorable to her, would allow a jury to believe that the employer's reason was mere pretext for intentional discrimination, "[s]uch rebuttal evidence, combined with the prima facie case, will suffice to create a genuine issue of material fact such that summary judgment is inappropriate." *Id.* at 637–38.

**III.    Analysis**

Enterprise Products argues that Ms. Caldwell has failed to make a prima facie showing of discrimination. The prima facie elements of a federal age-discrimination claim are that the plaintiff: (1) is within the protected class; (2) is qualified for the position; (3) suffered an adverse employment decision; and (4) was replaced by someone younger or was treated less favorably than similarly situated younger employees. *Leal v. McHugh*, 731 F.3d 405, 410–11 (5th Cir. 2013) (internal citation omitted). An employee can establish the fourth element by showing either replacement by someone outside the protected class or significantly younger than the employee, or discharge because of age. *Rachid v. Jack In the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003); *see also Keller v. Coastal Bend Coll.*, 629 F.App'x 596, 600 (5th Cir. 2015). Enterprise Products does not dispute that Ms. Caldwell has met the first three elements. (*See* Docket Entry No. 29 at 21). Ms. Caldwell does not argue, and the record does not show, that she was replaced in her position. The summary judgment issue is whether Ms. Caldwell can show that she was discharged because of her age.

If a plaintiff produces direct evidence of discrimination, she may "bypass the *McDonnell Douglas* burden-shifting framework commonly applied in discrimination cases and proceed directly to the question of liability." *Moore v. U.S. Dept. of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995); *see*

*also Fierros*, 274 F.3d at 192. "To qualify as direct evidence of discrimination, workplace comments must be 1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Rodriguez v. Eli Lilly and Co.*, 820 F.3d 759, 764 (5th Cir. 2016) (internal quotation marks, citation, and alteration omitted).

Taking as true Ms. Caldwell's allegation that Mr. Holden told her she would not be promoted because "they wanted to keep the younger ones," the allegation does not meet the standard for direct evidence. Mr. Holden's alleged March 2014 comments were not proximate in time to Ms. Caldwell's January 2015 termination. *See id.* (comments in April 2013 were not proximate to a termination in October 2013); *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 351–52 (5th Cir. 2007) (six months was not proximate); *Jones v. Overnite Transp. Co.*, 212 F.App'x 268, 273–74 (5th Cir. 2006) (four months was not proximate). The undisputed evidence is that Mr. Holden was not involved in the decision to terminate Ms. Caldwell's position, and Ms. Caldwell's testimony is that the remarks were made in reference to promotion, not to termination. (Docket Entry No. 29, Ex. 1 at 24–26, 46, 53–54).[1]

Under *McDonnell Douglas* as applied in the Fifth Circuit, "[w]hen allegedly discriminatory remarks are offered as circumstantial evidence"—in contrast to direct evidence—"alongside other

---

[1] Even if Ms. Caldwell could meet the four-part test, her manager's statements would not qualify as direct evidence under the law of the Fifth Circuit. Direct evidence is "evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Rodriguez*, 820 F.3d at 765 (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 892, 897 (5th Cir. 2002). The remarks require a causal inference to relate them to Ms. Caldwell's termination nearly a year later. *See id.*; *Jones*, 212 F.App'x at 274 ("the need to infer or presume the causal connection means the statements are not direct evidence of intentional race discrimination.").

alleged discriminatory conduct," a two-part test applies. *Kelly v. Costco Wholesale Corp.*, 632 F.App'x 779, 782 (5th Cir. 2015) (citing *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012). "The remark must, first, demonstrate discriminatory animus and, second, be made by a person primarily responsible for the adverse employment action or by a person with influence or leverage over the formal decision maker." *Laxton v. Gap Inc.*, 333 F.3d 572, 583 (5th Cir. 2003).

Ms. Caldwell's allegations, and the evidence in the record, also fail to meet the standard for circumstantial evidence. The undisputed evidence is that Senior Director Schikal, and not Mr. Holden, was primarily responsible for the adverse employment action. (Docket Entry No. 29, Ex. 6 ¶ 7–10). Mr. Schikal was two management levels above Mr. Holden, and there is no allegation or evidence that Mr. Holden had influence or leverage over Mr. Schikal. (*Id.*, Ex. 5 ¶ 3).

Nor has Ms. Caldwell presented the allegedly discriminatory comment "alongside other alleged discriminatory conduct." *See Reed*, 704 F.3d at 441. Ms. Caldwell testified that her basis for believing she had not been invited to a client event sometime in 2012 or 2013 because of her age was "just my observation that of these people who went, they were younger than me." (Docket Entry No. 29, Ex. 1 at 57). Ms. Caldwell's "own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief." *Eugene v. Rumsfels*, 168 F.Supp.2d 655, 679 (S.D. Tex. 2001); *see also Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005); *Little v. Republic Ref. Co.*, 924 F.2d 93, 96 (5th Cir. 1991); *Campbell v. Zayo Group, L.L.C.*, 656 F.App'x 711 (5th Cir. 2016). The remoteness of the event, held at least well over a year before Ms. Caldwell's termination, and the absence of any allegation that management was involved in setting the guest list, greatly reduces the probative value of the event as evidence of discriminatory conduct relating to Ms. Caldwell's termination. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th

Cir. 1996).

Ms. Caldwell has not made out a prima facie case of employment discrimination, and the motion for summary judgment is granted on that basis.  Even if Ms. Caldwell had met her initial burden under *McDonnell Douglas*, Enterprise Products has met its burden of producing legitimate, nondiscriminatory reasons for terminating her position.  A reduction-in-force is a legitimate, nondiscriminatory reason for a termination.  *See, e.g.*, *Robertson v. Alltel Information Servs.*, 373 F.3d 647, 652–55 (5th Cir. 2004); *Norton v. Houston Indus., Inc.*, 106 F.App'x 209, 211 (5th Cir. 2004).  Mr. Schikal's decision to include Ms. Caldwell in the reduction-in-force based on his experience with her accounting errors is a second, independent legitimate reason for termination.  *See Bugos v. Ricoh Corp.*, 2008 WL 3876548 (5th Cir. Aug. 21, 2008).  Ms. Caldwell has not shown that the reasons for her termination were pretextual, much less produced "substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015).

## IV.    Conclusion

Enterprise Products's motion for summary judgment, (Docket Entry No. 29), is granted.  Final judgment is entered by separate order.

SIGNED on March 17, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge